IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| **MIDSOUTH ORTHOPEDIC** ) <br> **ASSOCIATES, P.C.** ) <br> ) <br>     Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> **REGIONS FINANCIAL** ) <br> **CORPORATION,** ) <br> ) <br>     Defendant/Counter-Plaintiff/ ) <br>     Third Party Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **DR. LAWRENCE SCHRADER and** ) <br> **ANN CINDY TURNER** ) <br> ) <br>     Third Party Defendants. ) | Civil Action No. 05-2430 MIV <br><br> JURY DEMANDED |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE OF PLAINTIFF TO OBEY COURT ORDERS**

Before the court is the August 24, 2006, motion of the defendant, Regions Financial Corporation ("Regions"), pursuant to Rules 37(b) and 41(b) to dismiss plaintiff Midsouth Orthopedic Associates, P.C.'s ("Midsouth Orthopedic") complaint or, in the alternative, for contempt of court for failure of Midsouth Orthopedic to obey orders of the court. Regions seeks an order dismissing the plaintiff's complaint with prejudice or, in the alternative, imposing monetary contempt sanctions against the plaintiff and/or its attorneys of record, and awarding it expenses, including attorneys fees, pursuant to Rule 37(b) for bringing the

1

motion. Midsouth Orthopedic has failed to respond to the motion to dismiss within the time period for response. For the reasons that follow, it is recommended that the defendant's motion to dismiss the complaint be granted.

## PROPOSED FINDINGS OF FACT

Regions served its second set of interrogatories and requests for production of documents on Midsouth Orthopedic on January 4, 2006. (Mem. in Supp. of Def.'s 2nd Mot. to Compel, ¶ 2.) Midsouth Orthopedic failed to respond to Regions' written discovery requests. On March 20, 2006, Regions moved to compel Midsouth Orthopedic to respond to its second set of interrogatories and requests for production of documents. Midsouth Orthopedic did not respond to the second motion to compel. The court granted the second motion to compel on April 11, 2006, stating that Midsouth Orthopedic should fully and completely respond to the discovery requests within ten days, which would have been on or before April 28, 2006. According to the affidavit of Regions' counsel, Midsouth Orthopedic failed to provide complete responses as ordered by the court. (Mem. in Supp. of Def.'s Mot. to Dismiss, 5 & Ex. A.) On May 11, 2006, Regions filed its third motion to compel, seeking an order compelling Kathy Schrader to produce all documents requested in a May 2, 2006 deposition subpoena and the related notice of deposition. The court granted the third motion to compel on June 1, 2006. In addition, the court ordered Midsouth Orthopedic to

reimburse regions its reasonable expenses, including attorney fees. Midsouth Orthopedic has never produced the information requested in Kathy Schrader's May 2, 2006 deposition subpoena and related notice of deposition as ordered by the court. (Mem. in Supp. of Def.'s Mot. to Dismiss, 6 & Ex. A.) In addition, Regions has repeatedly attempted to schedule depositions in this matter with counsel for Midsouth Orthopedic and has twice noticed depositions but the depositions have yet to be held due to delays by Midsouth Orthopedic. (Mem. in Supp. of Def.'s Mot. to Dismiss, 12 & Ex. A.) On August 24, 2006, Regions filed this present motion to dismiss the complaint as a sanction for failing to comply with the court's order to provide discovery responses. Midsouth Orthopedic's response to the motion was due on September 11, 2006, but Midsouth Orthopedic did not file a responsive pleading to Regions' motion to dismiss.

## PROPOSED CONCLUSIONS OF LAW

If a party fails to serve answers to interrogatories or to produce documents after proper service of discovery requests, the court "may make such orders in regard to the failure as are just." FED. R. CIV. P. 37(d). Such orders include the imposition of any of the sanctions listed in Rule 37(b)(2)(A),(B), and (C), among which is dismissal of the action. FED. R. CIV. P. 37(d). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir.

3

1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith, or fault." *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988). In determining whether to dismiss an action for failure to cooperate in discovery, the court should consider (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Dismissal of Midsouth Orthopedic's complaint is an appropriate sanction in this case. All four factors of the Sixth Circuit's test are satisfied. First, Midsouth Orthopedic's failure to respond fully and completely to the interrogatories, the request for documents, and the deposition subpoenas is due to its own willfulness and fault. To dismiss an action *with* prejudice under Rule 37, the Sixth Circuit has held that the first factor is satisfied only if "a clear record of delay or contumacious conduct" exists. *Freeland*, 103 F.3d at 1277. In the present action, Midsouth Orthopedic has had ample time, over nine months, to respond completely to Regions' discovery requests. It failed, however, to respond fully to Regions' requests, to file a response

4

to the second and third motions to compel, to comply with the court's orders granting Regions' second and third motions to compel, and finally, failed to even respond to the motion to dismiss. This course of conduct constitutes a clear record of delay and evidences Midsouth Orthopedic's willful behavior in not responding.

Second, Regions has been prejudiced because it has been unable to move forward in its trial preparation without Midsouth Orthopedic's responses to its discovery requests. Furthermore, Midsouth Orthopedic's failure to respond has forced Regions to waste time, money, and effort in pursuit of information that Midsouth Orthopedic was legally obligated to provide.

Third, Midsouth Orthopedic was clearly and definitively warned by the court that failure to comply with the court's order would lead to extreme sanctions. The court's April 11, 2006 order firmly stated that failure to comply would result in dismissal of the complaint.

Finally, less drastic remedies would be ineffective. Midsouth Orthopedic has exhibited a disregard for Regions' repeated requests for discovery and has shown contempt for orders of this court. In light of those facts, alternative remedies would be ineffective.

Dismissal is also appropriate under Rule 41 for failure of Midsouth Orthopedic to comply with this court's order. Rule 41(b) provides:

> For failure of the plaintiff to prosecute *or to comply*

5

> *with these rules or any order of court*, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b) (emphasis added).  Here, Midsouth Orthopedic has failed to comply with the Rules and two orders of the court but has not offered any justification for his failure.  Midsouth Orthopedic was sufficiently warned that failure to comply with the court's order would result in dismissal of its claims.

Accordingly, it is recommended that Midsouth Orthopedic's complaint be dismissed with prejudice under Rule 37 and Rule 41(b).

In regard to Regions' Rule 37(b) request for reasonable expenses, including attorneys fees, incurred in bringing this motion, the court finds that Regions' request is well taken.  The court finds no substantial justification for Midsouth Orthopedic's noncompliance with this court's discovery orders.  Therefore, Regions' request for expenses and fees is granted.  Midsouth Orthopedic shall pay to Regions its reasonable expenses, including attorneys fees, incurred in preparing and pursuing its motion.  Regions' counsel is directed to file an affidavit, with a copy directly to the United States Magistrate Judge, within eleven (11) days of the date of this order, verifying the amount of expenses, including attorneys' fees, incurred by Regions in bringing the motion to dismiss.

6

**Respectfully submitted this 14th day of September.**


        **s/ Diane K. Vescovo**
        **DIANE K. VESCOVO**
        **UNITED STATES MAGISTRATE JUDGE**